### GRAUWILLER v. CULVER.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

ESTOPPEL—EVIDENCE.

     Where a person, having furnished building materials for a house on mortgaged land, fails to file a mechanic's lien, on representations of the mortgagee, who was advancing money to enable the mortgagor to erect buildings on the land, that it was unnecessary so to do, because the bill of materials was included in the mortgage and was perfectly safe, the mortgagee is estopped to claim that the bill was not covered by the mortgage.

Appeal from Monroe county court.

Action by John J. Grauwiller against Joseph Z. Culver. Verdict for plaintiff for $410.08, and from a judgment entered thereon defendant appeals. Affirmed.

Defendant made a motion for a new trial on the minutes, which was denied, and in the order of denial it was stated, "Plaintiff allowed to amend complaint so as to allege the facts on which estoppel is based." It appears the defendant sold to one Joseph Fischer some lots, and took back mortgages for the purchase price, and for moneys to be advanced to enable Fischer to erect buildings on the lots so purchased by him of the defendant. The plaintiff furnished materials, sash, blinds, doors, etc., used in the erection of the houses, to the knowledge of the defendant.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Horace L. Bennett, for appellant.
Frederick A. Mann, for respondent.

HARDIN, P. J. Plaintiff gave evidence tending to indicate the origin of the bill for the materials furnished and used in the houses built upon the lots covered by the mortgages held by the defendant. Plaintiff called as a witness Major Davison, who testified that the plaintiff and his wife and the defendant on one occasion appeared at the office of Davison, and "talked about a claim that Mr. Grauwiller had for furnishing some certain houses. * * * Mrs. Grauwiller seemed to want to know whether it was necessary that she should file a lien, as I understood it; and Mr. Culver was brought to state to me the condition of the mortgage that he had. * * * In the conversation they talked about the furnishings and the mortgage, and, as I understand it from their conversation, Mr. Culver had a mortgage that

he had taken, and that this bill of hers was included in that mortgage, and it was perfectly safe (that is as I understood it), and that it wasn't necessary to file a lien, and that a lien wasn't good,—would only make expenses for nothing. I advised Mrs. Grauwiller it wasn't necessary to file a lien, under that situation, in the presence of Mr. Culver." The plaintiff acted on the assurance that he received on that occasion, and omitted to file a mechanic's lien on the premises. The defendant, in his testimony as a witness, contradicted the testimony given by Davison, and the evidence given by Mrs. Grauwiller tending to corroborate the interview detailed by Davison. The learned trial judge submitted the case to the jury, calling their attention directly to the testimony give by Davison, and the contradictions thereof made by the defendant. Evidently, the jury believed the testimony of Davison, which was received in the case without any objection thereto.

We think the verdict is supported by the evidence, and that there were no prejudicial exceptions, taken during the trial, requiring us to disturb the verdict. It is therefore advised that the verdict be sustained.

Judgment and order affirmed, with costs. All concur.